In the Matter of the Claim of S. W. DOOLEY, Respondent, v. Estate of J. J. RYAN, Deceased, Nellie Welsh et al., Administratrices, Appellants.

Kansas City Court of Appeals, January 16, 1911.

1. EXECUTORS AND ADMINISTRATORS: Appellate Practice: Validity of Probate Court's Judgments. The administratrices objected in the probate court to the allowance of an order to pay a demand previously allowed by the court, and assigned to the sixth class, the only ground of their objection being "that said demand has already been paid in full." From a verdict in favor of the estate, the claimant appealed to the circuit court, where the court, without the aid of a jury, rendered judgment in claimant's favor, and ordered the probate court to direct the administracices to pay claimant out of the

assets so much of his claim as it may be entitled to under the law. *Held*, on appeal from this judgment, that the objections to the validity of the judgment of the probate court, allowing and classifying the demand, are not within the scope of the present proceeding.

2. ———: ———. Where the administratrices failed to prosecute an appeal from the judgment of the probate court, allowing and classifying a demand, the validity of that judgment can not be questioned in the circuit court on an appeal from the verdict of a jury in the probate court where the only isssue tendered by the administracices was payment.

3. ———: Judgment: Erroneous Recital. Although the judgment of the circuit court erroneously recited that the demand was assigned by the probate court to the fifth (instead of the sixth) class, where such a judgment does not purport to change the classification, the error should be disregarded as a mere inadvertence.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,* Judge.

Affirmed.

*Thos. J. Smith* for appellants.

*S. W. Dooley* for respondent.

JOHNSON, J.—This proceeding was commenced in the probate court of Bates county by a motion filed April 7, 1909, for an order on the administratrices of J. J. Ryan deceased, to pay a demand against the estate of one hundred dollars and interest previously allowed by the court and assigned to the sixth class.

Notice of the motion was not served on the administratrices but service was acknowledged by their attorney who appeared and objected to the allowance of the order prayed, for the reason "that said demand has already been paid in full." The issue thus raised was tried before a jury and a verdict was returned for the estate on the express ground that the demand had been paid in full. The claimant appealed to the cir-

cuit court where a trial of the cause without the aid of a jury resulted in the following judgment:

"Now at this day come the parties and the court having previously heard evidence herein and fully considered the same, doth find that on the 12th day of April, 1909, during the regular February term, 1909, of the probate court of this county, claimant herein, S. W. Dooley, did file in said court for allowances and classification and judgment rendered by this court on the 12th day of August 1907 in his favor for the sum of $500 against the estate of J. J. Ryan, deceased, also did file a motion for an order on the administratrices for distribution of the assets of said estate and the payment of said claim and said court entered judgment classifying said claim and making it a fifth class claim against said estate; that said court rendered judgment against the claimant on his motion for an order of distribution and payment of his said claim which said claimant has appealed to this court. The court doth further find that said Dooley has been paid $400 on said sum of $500 and that there is a balance due on said judgment of $100. The court doth further find that at the time said motion was filed in the probate court there was $1025 in the hands of the administratrices and that there has come into their hands additional assets belonging to said estate, subject to distribution on this and other claims probated against said estate.

"Wherefore the court doth render judgment in favor of said S. W. Dooley and against the estate of J. J. Ryan, deceased, for said balance of one hundred dollars and interest to date of $14.75, aggregating $114.75, together with his costs in this behalf expended.

"It is further ordered that the probate court direct the administratrices to pay said Dooley out of the assets of said estate subject thereto, so much of his claim as it may be entitled to under the law."

The administratrices appealed from this judgment and assail it here on a number of grounds.

The points argued by counsel for the estate against the validity of the judgment of the probate court allowing and classifying the demand will not be considered on this appeal for the reason that such issues are not within the scope of the present proceeding which presupposes that a valid judgment was rendered and seeks an order of distribution to aid in the collection of the remainder of that judgment alleged to be due. The only issue tendered by the administratrices was that of payment. The validity of the judgment was not questioned nor could it have been questioned in the circuit court since the jurisdiction of that tribunal was derivative and the administratrices failed to prosecute an appeal from the judgment of the probate court allowing and classifying the demand.

The circuit court tried the only issues before it, i. e., that of payment, and, finding that issue for the claimant, properly rendered judgment against the estate for the amount still due the claimant. Though the judgment erroneously recites that the demand was assigned by the probate court to the fifth class, it does not purport to change the classification and the error should be disregarded as a mere inadvertence. The judgment does not purport to order the administratrices to pay the demand but sends it back to the probate court as an adjudicated claim entitled to participate in the distribution of the funds of the estate properly applicable to the payment of demands of its class. The question of whether or not this demand already has received its proportional share of such funds may properly arise in the probate court on the making of an order of distribution.

The judgment of the circuit court properly disposed of the case and, accordingly, is affirmed. All concur.